IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEANNE D. BYRD, *et al.*,       :

    Plaintiffs,       :

vs.       : CIVIL ACTION NO. CCB-96-27

WAL-MART STORES, INC.       :

    Defendant.       :

## ORDER

Following a jury trial, final judgment was entered in favor of plaintiffs and against defendant on May 30, 2001. Plaintiffs filed a timely Motion for Award of Costs in the amount of $7,912.09. Defendant has filed an opposition response to which plaintiffs have filed a reply. The undersigned has reviewed the outstanding pleading relating to taxation of costs and finds no hearing necessary pursuant to Local Rule 105.6. (D.Md.).

### FEES OF THE CLERK

Plaintiffs request $90.00 associated with the fee incurred in originally filing the instant complaint in the Circuit Court for Cecil County on November 28, 1995. Defendant filed notice of removal to this Court on January 3, 1996. Filing fees incurred as result of filing a complaint in this Court are recoverable under 28 U.S.C. § 1920(1). However, the filing fee incurred as a result of originally filing this action in state court is not. This cost request is, therefore, not allowable.

### FEES FOR SERVICE OF SUMMONS AND SUBPOENA

Plaintiffs seek $240.48 in fees associated with obtaining service of process of trial subpoenas. The Clerk may allow for reasonable private process server fees for trial subpoenas as

to those individuals who actually testified at trial. However, where, as here, the undersigned cannot determine from the cost bill, plaintiff's reply to defendant's response, and the supporting documents, the fees associated with trial witness Karen Culler, such cost request shall not be allowed.

## WITNESS FEES

Plaintiffs request the taxation of the statutory $40.00 witness fee paid to Karen Culler and Melissa Douglas. Generally, if a witness testifies at trial, the prevailing party may recover as costs the fees and disbursements as to that witness. Persons who testify at trial are entitled to receive a $40.00 witness fee for each day of testimony. If a witness is subpoenaed to trial, but does not testify, the Clerk will not tax the fees and disbursements as to that witness. It appears that, of the two individuals noted above, only Ms. Culler testified at the trial of this matter. Therefore, the Clerk shall allow the statutory $40.00 per day witness fee to be taxed as to this trial witness. For the aforementioned reasons, witness fee costs shall be allowed in the amount of $80.00.

Trial witnesses are also entitled to receive a mileage payment to attend the trial. In this district, the Clerk limits the mileage payment to the cost of ground transportation within the 100 mile subpoena power of the Court. *See Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F. Supp. 146, 164 (D.Md. 1968), *aff'd* 415 F.2d 55 (4th Cir. 1969), *cert. denied* 397 U.S. 930 (1970). Consequently, the maximum amount of mileage allowed for a witness testifying at trial in this Court is 100 miles each way at the rate of 34.5 cents/mile. Plaintiffs seek a total of $66.66 in mileage expenses for trial witness Karen Culler. The Clerk finds this expense allowable. Accordingly, witness and mileage fees are awarded in the amount of $146.66.

## FEES OF COURT REPORTERS FOR DEPOSITIONS

Plaintiffs request reimbursement of $3,411.65 associated with costs incurred for the depositions of plaintiffs, Steve Cauley, Terry Griffith, Mike Zani, Dr. E. Lynn Phillips, John Leyenberger, and Judy Jamieson. The Clerk may tax the costs of depositions under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "(W)e should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial. *Advance Business Systems & Supply Co.*, 287 F. Supp. at 165. While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses. In light of the foregoing, the undersigned shall allow the taxation of fees associated with the depositions of plaintiffs[1] and Terry Griffith. Because the remaining deposition costs are associated with individuals who did not testify at trial of this matter, those costs are not allowed within the Clerk's traditional authority. However, those deposition costs may be taxable within the broader authority exercised by the Court. Consequently, counsel for plaintiffs is free to petition the Court

---

[1] The maximum page rate allowed for a copy of a deposition is $1.25 per page. The maximum page rate allowed for an original deposition is $3.50. If the rate applied is less than the maximum amount allowed by the Clerk, that rate is used.

for a supplement to this award of costs. Given this determination, deposition costs shall be awarded in the amount of $523.75.

## FEES FOR COURT REPORTER SERVICES

Plaintiffs seek $370.50 associated with costs incurred in obtaining a copy of the trial transcript from the first trial held in this matter. The Clerk finds that the purchase of trial transcripts during the course of trial proceedings should generally be found to be associated with normal litigation costs and, without unusual circumstances, should not be recoverable as a cost of litigation. Because the Clerk was not in attendance at trial, she is not in a proper position to determine if the purchase of the requested transcript was necessary or whether it was merely a convenience to counsel for use in the second trial. The Clerk therefore declines to allow the cost associated with purchasing this transcript. If plaintiffs feel that unusual circumstances existed that made the purchase of the trial transcript necessary, counsel is free to petition the trial judge for a supplement to this Bill of Costs.

## FEES AND DISBURSEMENTS FOR PRINTING

Plaintiffs seek $660.25 associated with printing costs pursuant to 28 U.S.C. § 1920(3). Fees and disbursements for printing pursuant to 28 U.S.C. § 1920(3) and F.R.A.P. 39(c) are not usually involved in trial court proceedings. They are generally taxed by the Court of Appeals and inserted in the mandate. These taxed costs may then be added to the costs sought in the trial court. Accordingly, this cost request shall not be allowed.[2]

---

[2] Even if this cost request could be considered an allowable expense, the Clerk is unable to determine from the documentation submitted in support of the cost bill which printing/copying costs are actually recoverable.

**FEES FOR EXEMPLIFICATION OF PAPERS**

Plaintiffs request reimbursement for copying costs in the amount of $2,909.15 associated with photocopying medical records, pre-trial motions, and other unspecified discovery material. Copy work has historically been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *Advance Business Systems & Supply Co.*, 287 F. Supp. at 165. However, in *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, the Court found that "(P)photocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *Cf. Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See also Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319. The expense of making copies of discovery material do not fall within the rule set forth in the cases cited above. Consequently, those costs associated with copying discovery materials will be disallowed. To the extent the costs requested consist of allowable charges, it is impossible for the undersigned to determine from plaintiff's cost bill, their reply, and supporting documentation, how much of the requested costs are actually recoverable. Accordingly, this cost request shall not allowed.

**AWARD**

Accordingly, costs are entered in favor of plaintiffs and against defendant in the amount of $670.41. The Clerk of Court shall docket and mail copies of this Order to all counsel in this case.

Dated this ___9th___ day of ___July___, 2001.

_____
Felicia Cannon
Clerk, United States District Court,
District of Maryland