IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEANNE D. BYRD, ET AL. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-96-27 |
| | : | |
| WAL-MART STORES, INC. | : | |
| | ...o0o... | |

### ORDER

Now pending are the defendant's objections to the Magistrate Judge's April 6, 2001 Discovery Order. Specifically at issue are Judge Gauvey's award of sanctions under Fed. R. Civ. P. 37 for (1) Wal-Mart's failure to timely appoint a competent Rule 30(b)(6) corporate designee and (2) Wal-Mart's failure to comply with the Court's Order of October 11, 2000 to provide certain affidavits.[1] Wal-Mart filed timely objections on April 20, 2001, and the issues have been fully briefed.

Upon careful review of the defendant's objections, I am not persuaded that any aspect of Judge Gauvey's comprehensive ruling is either clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). Nor has Judge Gauvey abused her discretion in any way. To the contrary, Judge Gauvey has given Wal-Mart full and fair warning of its discovery obligations throughout the course of this litigation, and the record amply supports her Order, which is hereby **Affirmed**.[2]

---

[1] Any disputes regarding the production of additional discovery are moot in light of Wal-Mart's admission of liability in April 2001 and the entry of a judgment in the plaintiffs' favor on May 30, 2001.

[2] Wal-Mart's related Motion to Stay is **Denied as moot**.



The matter is returned to Judge Gauvey for her determination of "the amount and type" of appropriate sanctions, which was held <u>sub</u> <u>curia</u> in her April 6, 2001 Order.

**SO ORDERED** this _23rd_ day of July, 2001.

                                                Catherine C. Blake
                                                United States District Judge