IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEANNE D. BYRD, et. al.          :
                                 :
                                 :
v.                               :  Civil Action No.CCB-96-27
                                 :
                                 :
WAL-MART STORES, INC.            :
                                 :
                                 :

## MEMORANDUM

In response to plaintiffs' proposed Bill of Costs in the amount of $7,912.09, the Clerk of Court, in accordance with her normal procedures, has entered costs in favor of the plaintiffs and against the defendant in the amount of $640.41. Now pending before the court is plaintiffs' Motion to Review the Clerk's Order. The motion has been fully briefed, and the court, having also reviewed the pleadings and memoranda which were before the Clerk, finds that no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the court will enter additional costs in favor of the plaintiffs and against the defendant in the amount of $4,576.26.[1]

## BACKGROUND

On July 10, 1998, a jury awarded Jeanne and Clyde Byrd $208,000.00 in damages against Wal-Mart Stores, Inc. ("Wal-Mart"). Wal-Mart appealed the verdict, claiming that the court erred in denying its motions for judgment as a matter of law, *see* Fed.R.Civ.P. 50, and in instructing the jury that Wal-Mart's liability could be proved under the doctrine of *res ipsa loquitur*. The Fourth Circuit concluded that, while the motion for judgment as a matter of law

---

[1] This amount includes: $83.40 in fees associated with Melissa Douglas; $240.48 in fees associated with service of summons and subpoenas of witnesses; $2,813.25 in fees associated with the depositions of Dr. Phillips, Steve Cauley, John Leyenberger, Judy Jamieson, and Mike Zani; $408.38 in fees associated with copying medical records; $370.50 in fees associated with obtaining a transcript of the first trial; and $660.25 in fees associated with reproducing and enlarging trial exhibits.

was correctly denied, the court committed error in giving the *res ipsa loquitur* instruction. *Byrd v. Wal-Mart Stores, Inc.*, 2000 WL 20576 (4th Cir. 2000) (unpublished). The appeals court reversed the jury's verdict and remanded for a new trial.

After a lengthy discovery period, Wal-Mart moved for leave to amend its answer by admitting liability for plaintiffs' injuries. Both sides submitted briefs, and on May 7, 2001, the court entered an Order granting the defendant leave to amend. The case went to trial on May 23, 2001 on the question of damages, and a second jury returned a verdict in favor of the plaintiffs in the amount of $172,500.00. Judgment was entered against Wal-Mart on May 30, 2001.

## ANALYSIS

As the prevailing parties in this litigation, plaintiffs now seek to recover costs pursuant to Fed.R.Civ.P. 54(d), 28 U.S.C. § 1920, and Local Rule 109(1)(b). Rule 54(d) provides, "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). With this language, Rule 54 has been said to "give[] rise to a presumption in favor of an award of costs to the prevailing party." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *American Med. Sec., Inc. v. Larsen*, 31 F. Supp.2d 502, 508 (D. Md. 1998). Section 1920 sets forth those expenses which are taxable pursuant to Rule 54. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section

1828 of this title.

28 U.S.C. § 1920. The trial court has broad discretionary authority in allowing or disallowing costs within these categories. *Charter Med. Corp. v. Cardin*, 127 F. R.D. 111, 113 (D. Md. 1989) (*citing Advance Business Systems and Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 162 (D. Md. 1968), *aff'd* 415 F. 2d 55 (4th Cir. 1969)). With this guidance in mind, the court considers the relief requested by the plaintiffs.

(1) Fees for Witnesses and for Service of Summons and Subpoena

(a) Witness Fee and Travel Expense for Melissa Douglas

Plaintiffs request reimbursement for the witness fee ($40.00) and travel allowance ($43.40) paid to Melissa Douglas in connection with the first trial. (*See* Pl. Bill of Costs, p. 2; Pl. Mot. to Rev., Ex. 2.) Defendant objects to this expense on the basis that Melissa Douglas did not testify at the second trial. She testified at the first trial, however, and her testimony was read into the record at the second trial. Under these circumstances, the court will grant plaintiffs' request for her expenses.

(b) Fees for Service of Summons and Subpoena

The plaintiffs also seek $240.48 for the cost of obtaining service of process on trial witnesses. The Clerk did not grant plaintiffs' request because it could not be determined from the supporting documents which fees were for service of witnesses who actually testified, and which were associated with Melissa Douglas who, for the reasons discussed above, did not testify at the second trial. Since the court does not find Ms. Douglas's failure to testify in person determinative of her status as a 'witness' for these purposes, the costs of serving her are recoverable, just as they would be if she had personally appeared in court. The cost of serving Dr. E. Lynn Phillips, whose videotaped deposition was used at trial in lieu of live testimony, is

3

also recoverable. Accordingly, the court will grant plaintiffs' request.

(2) Fees of the Court Reporter for Depositions

In determining whether to award deposition costs, a court examines whether the deposition was reasonably necessary to the prevailing party's case at the time it was taken, not whether it was actually admitted at trial. *The LeVay Corp. v. Dominion Fed. Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987); *Advance Business Systems*, 287 F. Supp. at 165. This rule holds especially true where, as here, part or all of the case is disposed of on the merits before a full trial occurs. *Bd. of Directors, Water's Edge v. The Anden Group*, 135 F.R.D. 129, 132-33 (E.D. Va. 1991).

In addition to the deposition costs allowed by the Clerk, plaintiffs seek reimbursement for the expense of deposing Dr. E. Lynn Phillips ($439.50), Steve Cauley ($289.25), John Leyenberger ($1296.00), Judy Jamieson ($755.50), and Mike Zani ($33.00). (*See* Pl. Bill of Costs Itemization, p. 1.) Since Dr. Phillips's deposition was used at trial, plaintiffs are entitled to the costs of procuring it. Plaintiffs are also entitled in this district to the costs of deposing parties to the litigation. *See Byrd v. Wal-Mart*, Clerk's Order, p. 3. Cauley, Leyenberger, and Jamieson, as Wal-Mart's corporate designees pursuant to Fed.R.Civ.P. 30(b)(6), essentially constitute "Wal-Mart," the defendant in this case. Similarly, the deposition costs for Mike Zani will be allowed. The court will therefore grant plaintiffs' request.

(3) Cost of Trial Transcript

Plaintiffs next request $370.50 for the cost of obtaining a transcript of the first trial. The trial court may, in the exercise of sound discretion, tax all reasonable expenses incurred by a prevailing party in obtaining the trial transcript if it is "'necessarily obtained for use in the case,'" and not a "mere luxury or convenience." *Advanced Business Systems*, 287 F. Supp. at 162

4

(*quoting* 5 Moore, Par. 54.77(7) at p. 1375)). Plaintiffs maintain that it was necessary for them to obtain a transcript of the first trial in order to prepare their response to Wal-Mart's appeal. Moreover, they used the transcript in connection with the second trial, including reading Melissa Douglas's testimony from it in lieu of having her appear in person. The transcript was therefore necessarily used, and the court will grant plaintiffs' request.

(4) Fees for Exemplification of Papers

(a) Medical Records

Plaintiffs seek $408.38 for expenses incurred in obtaining copies of the plaintiffs' medical records. Defendant objects to this amount insofar as it reflects $85.00 in fees for medical records from Dr. Samii and the Mid-Atlantic Pain Institute. Defendant maintains that these fees are not recoverable because records from these providers were not on plaintiffs' proposed exhibit list, admitted into evidence, or referred to at trial. Absent a showing that the records in question were unnecessary to plaintiffs' trial preparation, however, these costs are properly recoverable. *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992); *Molnar v. Elgin, Joliet, and Eastern Ry. Co.*, 697 F. Supp. 306, 311-12 (N.D. Ill. 1988), *rev'd on other grounds by Commercial Credit Equipment Corp. v. Stamps*, 920 F.2d 1361, 1368 n. 8 (7th Cir. 1990). Since no such showing has been made, the court will grant plaintiffs' request.

(b) Photocopies

Plaintiffs request in-house copying costs in the amount of $2,500.77. Fees for photocopies are recoverable if they are "necessarily obtained for use in a case." 28 U.S.C. § 1920(4). They are not, however, reimbursable if they are made merely for the attorneys' convenience. *American Key Corp. v. Cumberland Assoc.*, 102 F.R.D. 496, 499 (N.D. Ga. 1984). Plaintiffs suggest that a large portion of their photocopying costs were expended in "fighting the

discovery war initiated by Wal-Mart." (Pl. Mot. to Rev., p. 5.)

There is some disagreement among district courts about whether discovery-related photocopies are reimbursable. *Compare Water's Edge*, 135 F.R.D. at 138 (*quoting Sun Publishing Co., Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984)) ("[P]hotocopy charges are properly taxable only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel."), *with Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571, 577 (N. D. Ill. 1997) ("Section 1920(4) allows the prevailing party to recover costs incurred in copying discovery documents, pleadings and exhibits submitted to the court, as well [as] exhibits used at trial."). Even if the court accepts plaintiffs' argument about discovery documents generally, however, they still have not shown that the document copies in this case were necessary. Plaintiffs have submitted to the court a billing report to establish that the copies were used and billed by plaintiffs' counsel "in the normal course of this litigation." (Pl. Mot. to Review, p. 6; Ex. 6.) The report gives a breakdown of how the plaintiffs arrived at their claimed total, but fails to describe the nature of the copied documents, or identify who possessed the original papers. While a complete file of discovered documents may be a practical necessity for trial preparation, "[t]his does not mean that every scrap of paper which an attorney chooses to copy and place in the file is taxable." *American Key*, 102 F.R.D. at 499; *cf. Movitz*, 982 F. Supp. at 577. From the records submitted by the plaintiffs, it is impossible for the court to ascertain which copies were made for reimbursable purposes, and which copies might have been made, for example, for the convenience of providing plaintiffs' counsel with extras. The Clerk pointed out this deficiency in denying plaintiffs' request for these costs, and the court, upon review, agrees with the Clerk's conclusion. *See also Helms*, 808 F. Supp. at 1570. Accordingly, plaintiffs' request for these expenses will be denied.

6

(c) Enlargements of Trial Exhibits

Plaintiffs also request $660.25 for reproducing and enlarging trial exhibits. (*See* Pl. Bill of Costs, p. 2; Pl. Mot. to Rev., p. 4, Ex. 7.) To recover, plaintiffs must show that these costs were "necessary to a proper understanding" of the case, instead of being "merely illustrative of or incidental to" the testimony. *Advanced Business Systems*, 287 F. Supp at 164; *Charter Med. Corp.*, 127 F.R.D. at 114. The court agrees that the exhibits were used to help the jury properly comprehend the issues in this case. Plaintiffs' request for these fees will therefore be granted.

A separate Order follows.

3/29/02
Date

_____
Catherine C. Blake
United States District Judge